814

PINE HILL CONCRETE MIX CORP., Respondent, v. BLASDELL STEEL WAREHOUSE, INC., Appellant.— Motion granted and appeal dismissed, with $10 motion costs.

WARD V. SMITH, Respondent, v. RAY C. VAUGHN, Appellant.— Appeal dismissed unless printed records and briefs are filed and served on or before June 15, 1960.

MICHAEL SCARPULLA, Appellant, v. DOMINICK MOGAVERO, Respondent. — Motion to modify conditional order denied.

LAWRENCE FREEBORN, by DELBERT FREEBORN, Appellant, v. BLOUNT LUMBER CO., INC. et al., Respondents.— Motion granted and conditional order modified to provide that printed original record must be filed and briefs must be filed and served on or before March 21, 1960.

JACK E. DEUSER, Appellant, v. MACK MOTOR TRUCKING CORP., Respondent.— Motion granted and appeal dismissed, with $10 motion costs.

DOROTHY E. C. WOODWORTH, Appellant, v. TIMOTHY D. CLARK et al., Respondents. In the Matter of the Accounting of EDWARD T. BECKWITH et al., as Trustees of the Estate of Melville Clark, Deceased.— Motion granted to prosecute appeals on clearly legible mimeographed papers, and time for filing and serving records and briefs extended to August 1, 1960. Memorandum: This court has no objection to the submission of a combined record, but because of the varied proceedings and actions in Supreme and Surrogate's Courts that appellant seeks to combine, we are unable to grant the requested relief for leave to appeal upon a " limited record ". The extent of the record to be submitted to this court must be determined by stipulation of the parties or by appropriate settlement before the courts of original jurisdiction.

CAROLINE W. PARKER, Appellant, v. OTIS HUDSON et al., Respondents. — Motion granted and appeal dismissed, with $10 motion costs.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER ENGLISH, Appellant.— Motion granted and order dismissing appeal vacated on condition that records and briefs are filed and served on or before March 28, 1960. Respondent's brief must be filed on or before April 14, 1960, if appeal is to be argued at May 1960 Term. (See rule VIII of the rules of this court.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST JACKSON, Appellant.— Motion held to April 26, 1960; an additional affidavit should be filed by the District Attorney showing what counsel appeared for defendant at the trial and his present status in the case.

CEFFIE WEST, Respondent, v. JOSE ARRAIZ et al., Appellants.— Motion to dismiss appeal denied.

## (March 21, 1960)

ARTHUR J. GIAMBERDINO, Respondent, v. MINNIE MILEO et al., Appellants. ROSE M. GIAMBERDINO, Respondent, v. MINNIE MILEO et al., Appellants. — Order modified by deleting therefrom the provisions that require the defendants to submit to an examination concerning the names of individuals, corporations, companies and the like, and addresses thereof, who have repaired the brakes during 1957 and 1958, and as modified affirmed, without costs of this appeal to any party. Memorandum: We see no real necessity for an examination of the defendants as to the names and addresses of those who repaired the brakes of the defendants' car during the years 1957 and 1958. The argument advanced by plaintiffs that the examination is sought to ascertain whether defendants knew or should have known if the persons who repaired the brakes had the capacity to repair brakes is tenuous at best. All concur, except Halpern, J., who dissents and votes for affirmance in the following memorandum: